UNITED STATES of America, Plaintiff,

v.

Arthur Dewaynn ROGERS, Kathleen Rogers, and Rogers Petro–Chem, Inc., Defendants.

No. Civ. 4–87–131.

United States District Court, D. Minnesota, Fourth Division.

Oct. 2, 1987.

Jerome G. Arnold, U.S. Atty., and Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., F. Henry Habich, II, Kurt Weissmuller, Land and Natural Resources Div., U.S. Dept. of Justice, and Anna Thode, Office of Enforcement & Compliance Monitoring, U.S. E.P.A., Washington, D.C., for plaintiff.

Arthur Rogers and Kathleen Rogers, pro se.

MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction. Defendants' motion will be denied.

FACTS

Defendants Arthur Rogers and Kathleen Rogers are Minnesota residents and the incorporators and directors of Rogers PetroChem, Inc. (RPC), a Minnesota corporation involved in the transportation, storage and treatment of hazardous waste. At all relevant times A. Rogers was president of RPC. The complaint alleges that on and after November 19, 1980 RPC transported, treated and stored hazardous waste includ-

ed waste solvents and oils containing leads which were "hazardous waste" within the meaning of section 3008(a)(2) of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6921 *et seq.* Complaint par. 6. On February 19, 1981 the Minnesota Pollution Control Agency (MPCA) determined that RPC was being operated in violation of numerous provisions of the RCRA. Complaint par. 14. Accordingly, the Environmental Protection Agency (EPA) issued RPC an administrative complaint, findings of violations and a compliance order on March 30, 1984. Complaint par. 16. The complaint and compliance order directed RPC to comply with the RCRA, and ordered immediate cessation of the generation, storage, transportation, treatment or disposal of hazardous waste. Complaint Exh. A. RPC did not respond to the complaint but A. Rogers filed a request for a hearing. Complaint par. 17. An administrative law judge (ALJ) set a deadline for exchange of prehearing data. The EPA submitted its prehearing data to defendants but defendants never submitted any prehearing data to the EPA despite two extensions of the deadline. Complaint par. 19, 21. On October 5, 1984 the EPA served a motion for default and with leave of the ALJ filed an amended complaint naming the Rogers as defendants. Complaint par. 22, 24. Defendants never responded to the complaint and the EPA filed an amended motion for default on January 15, 1985. Two days later the ALJ directed that defendants respond to the default motion by February 14, 1985 and indicated that a ruling would issue after that date. Complaint par. 27. Defendants still did not reply and on February 27, 1985 the ALJ granted the EPA's motion for default judgment and issued an initial decision which became a final order pursuant to 40 C.F.R. § 22.27 on April 23, 1985.

The initial decision contains ten findings of fact, including the nature of the non-compliance with the RCRA as well as conclusions of law including that defendants were in violation of numerous of the RCRA's provisions. *See* Complaint Exh. C. Under the terms of the final order defendants were required to take several steps including 1) submission to the EPA and the MPCA of a closure plan for the facility and documentation of that closure; 2) submission of sampling and waste analysis plans to the EPA and MPCA to determine the degree of soil and water contamination on the facilities; 3) submission to the EPA and MPCA of a plan for the removal of the resulting water and soil contamination; and 4) payment to the EPA of a $60,000 civil penalty. The complaint alleges that defendants have failed to comply with the terms of the final order and requests the Court to order compliance with its terms, an entry of judgment against defendants for $60,000, and an additional civil penalty of up to $25,000 per day for violation of the order as well as payment of the plaintiff's costs and any other further relief the Court finds appropriate.

Defendants have moved the Court to dismiss this action for lack of jurisdiction and have submitted a memorandum suggesting that the states and not the federal government have jurisdiction over their borders, territories and all persons located within their borders. Accordingly, defendants' argument is that the federal government has no authority to promulgate and/or seek enforcement of the RCRA.

## DISCUSSION

■ Defendants' motion is totally devoid of merit. The Constitution and the laws of the United States are the supreme law of the land. U.S. Const. art. VI, cl. 2.; *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 359, 4 L.Ed. 579 (1819). The RCRA easily passes constitutional muster as an exercise of congressional power under the commerce clause. In 42 U.S.C. § 6901(a)(1) Congress noted the relationship between manufacturing, packaging and marketing of consumer products and the generation of increasing amounts of mass materials discarded by purchasers of those products. Further Congress noted that solid waste disposal presented serious financial and technological problems in urban areas with increasing populations because of the industrial and commercial activities carried on within those areas. 42 U.S.C. § 6901(a)(3). As a result of these problems

Congress concluded that solid waste disposal required federal intervention. Accordingly, the nexus between commercial activity and the generation of solid waste was well documented by Congress.

When Congress has determined that an activity affects interstate commerce the judicial inquiry is limited to whether such a finding is rational. *Hodel v. Virginia Surface Mining and Reclamation Assoc., Inc.,* 452 U.S. 264, 277, 101 S.Ct. 2352, 2360, 69 L.Ed.2d 1 (1981). The act in question easily passes such muster. *See Hodel,* 452 U.S. at 282, 101 S.Ct. at 2363 ("[W]e agree with the lower federal courts that have uniformly found the power conferred by the Commerce Clause broad enough to permit congressional regulation of activities causing air or water pollution, or other environmental hazards that may have effects in more than one State") (citations omitted). Accordingly, the RCRA easily falls within the plenary congressional authority under the commerce clause.

The RCRA empowers the EPA to enforce violation of the act which occur in an authorized state such as Minnesota merely by notifying the state in conformance with the requirements of 42 U.S.C. § 6928(a)(2). The EPA states, and defendants do not contest, that this has been done. Moreover, 28 U.S.C. § 1331 empowers federal courts to exercise jurisdiction over all civil actions arising under federal law. In addition, 28 U.S.C. § 1345 provides that district courts have original jurisdiction over actions commenced by the United States or by agencies or officers thereof authorized by Congress to commence such actions. The RCRA specifically authorizes the EPA to commence civil actions. 42 U.S.C. § 6928(a)(1). Finally, venue is proper under 42 U.S.C. § 6928(a)(1) and 28 U.S.C. § 1391(b) and (c) because the defendants' violations occurred and the RPC waste disposal facility is located within this judicial district. Accordingly the Court has jurisdiction to hear this action.

Based on the foregoing and upon review of all the files, records, exhibits, proceedings and arguments of counsel,

IT IS ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is denied.